SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
YISROEL KATZOFF on behalf of himself and
all other similarly situated consumers

                Plaintiff,

    -against-

AMERICAN CORADIUS INTERNATIONAL LLC

              Defendant.
--------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 20 2012 ★

LONG ISLAND OFFICE

GLASSER, J.

BLOOM, M.J.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Yisroel Katzoff seeks redress for the illegal practices of American Coradius International LLC where it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Amherst, New York.

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
      consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### Jurisdiction and Venue

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Yisroel Katzoff

10.   Upon information and belief, on a date better known by Defendant, Defendant began to
      attempt to collect an alleged consumer debt from the Plaintiff.

11.   Within the one year immediately preceding this action, the Defendant left many
      messages on the Plaintiff's answering machine on numerous occasions.

12.   On 43 occasions within the past year, Defendant made 43 calls to an unauthorized cell
      phone belonging to Plaintiff.

13.   Upon information and belief Defendant used an auto dialer and or prerecorded messages
      when calling the Plaintiff.

14.   On or about March 29, 2012, a representative of American Coradius International LLC.
      attempted to call the Plaintiff.

15.   A third party answered the call and a prerecorded message announced: "If this is Yisroel
      Katzoff, please press one now. If this is not Yisroel Katzoff, please press two."

-2-

16.     The third party went ahead and pressed two yet the message revealed the existence of a debt to the third party

17.     While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate §§ 1692c(b),1692d(6), 1692e(11). Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) (The court followed Foti, 424 F. Supp. 2d at 655-56 and  West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call[1] to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is

no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added)  See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of  1692(b), 1692(c)(b), and and 1692(d). West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).)  Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (a complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).

-4-

<u>Thomas v. Consumer Adjustment Co., Inc.</u>, 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.) <u>Blair v. Sherman Acquisition,</u> Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b). <u>Mathis v. Omnium Worldwide,</u> Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 ("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'". West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) <u>Krapf v. Collectors Training Institute of Illinois, Inc.,</u> Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998) (contact with a third party that did not involve an inquiry into Plaintiff's location information, but

rather, revealed that Plaintiff had a "business matter." stated a claim under § 1692(c)(b)
finding that the Plaintiff's allegation that the Defendant contacted a third party to relay
about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated
claims under §§ 1692(b), 1692(c)(b), and 1692(d).

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI
claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40
COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT
COMMUNICATION. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist.
Court, SD New York 2006  - Judge Karas in *Foti* based their reasoning on West v.
Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit,
998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the
word "communication," similar to that advanced by NCO in this case. The Plaintiff in
West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.
Defendants argued that a debt collector's phone call informing a neighbor that he had a
"very important" matter to discuss did not violate § 1692(c)(b) because no information
was actually conveyed about Plaintiffs debt. The West court rejected this narrow
interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In
reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a
statute, it is well settled that `[t]he "plain meaning" of statutory language controls its
construction,'" and went on to examine the dictionary definitions of "regarding." *Id.*
(quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st
Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary

-6-

(1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and

-7-

widespread" debt collection abuses.) Krug v. Focus Receivables Mgmt., LLC, 2010

U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same); Henderson v. Eaton, 2001 U.S.

Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc.,

998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), a debt collector

may not communicate with a third party "in connection with the collection of any debt"

except to obtain location information as provided in § 1692(b). To violate § 1692(b),

the third party communication need only be "in connection with the collection of a

debt;" it need not expressly mention the debt or debt collection as

"communication" includes conveying information about a debt "indirectly." 15 U.S.C. §

1692a(2).) Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).

(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.

LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

(W.D.N.C.1998) (Finding that a phone call to a debtor's neighbor that the Defendant had

a "very important" matter to address was "regarding a debt" because the content of the

phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged

arrearage. Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding

that the messages left by the Defendant constituted "communications" even though they

did not technically mention any information about the debt and stated a claim under §

1692(c)(b) since it was not left for the purpose of obtaining location information which

is the only permissible communication with third parties under the FDCPA, quoting

West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also

quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL

-8-

1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call). Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.) Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt); Belin v.

-9-

Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4

(M.D. Fla. July 14, 2006) (finding that the message was a communication under the

FDCPA even though it was not disclosed that it came from a debt collector where the

name of the company was referenced, directions to return the call were given, and the

purpose of the message was to induce the debtor to return the call); Shaver v. Trauner,

97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (The only exception in

the FDCPA which permits a debt collector to contact third parties is to obtain: "location

information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to

someone other than those enumerated in the statute, and which offers or seeks

information not limited to "location information." would be unlawful (class and adoption

of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998)

(Magistrate Judge's denial of motion to dismiss). Smith v. NCO Fin. Sys., 2009 U.S.

Dist. LEXIS 51576 (E.D. Pa. June 12, 2009) (Holding that the FDCPA prohibits debt

collectors from communicating with anyone other than the consumer and the only

exception to this broad proscription is that debt collectors may, under Section 1692(b),

communicate with persons "other than the consumer for the purpose of acquiring

location information about the consumer." The FDCPA defines "location information"

as "a consumer's place of abode and his telephone number at such place, or his place of

employment". Contact with third parties, such as employers, for any other purpose is

prohibited under the FDCPA. The court noted that the Defendants' contention that the

FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third

-10-

parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

18.   Said message was in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving a message with a third party.

19.   On or about February 13, 2012, March 12, 2012, March 26 2012, April 23, 2012, April 12, 2012, and December 5, 2011, Defendant left messages on a third party's voicemail regarding the debt.

20.   Said telephone messages are in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the Plaintiff was receiving a communication from a debt collector.

21.   Defendant caused Plaintiff to incur charges for Defendant's collection communications when Plaintiff had no reason to know the communication's purpose.

22.   Defendant was prohibited from placing a call that will cause a charge to Plaintiff without having notified Plaintiff to expect it and without having announced its collection purpose.

23.   Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on all those incoming calls.

24.   Plaintiff was not alerted to the calls beforehand.

25.   The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5)."

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself*

-11-

*and the members of a class, as against the Defendant.*

26.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-25 as if set forth fully in this cause of action.

27.     This cause of action is brought on behalf of Plaintiff and the members of three classes.

28.     Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) that the telephone message is in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

29.     Class B consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were left on the voicemail of unauthorized third parties and that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692c(b).

30.     Class C consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone

-12-

messages were placed to a service where the consumer was charged for the calls, and (c)

that the telephone messages were in violation 15 U.S.C. § 1692f(5).

31.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(a)     Based on the fact that form telephonic messages are at the heart of this litigation,

the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members.  The

principal question presented by this claim is whether the Defendant violated the

FDCPA.

(c)     The only individual issue involves the identification of the consumers who

received such telephonic messages (*i.e.* the class members).  This is purely a

matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of

the respective class claims are based on substantially similar facts and legal

theories.

(e)     The Plaintiff will fairly and adequately represent the class members'

interests.  The Plaintiff has retained counsel experienced in bringing

class actions and collection abuse claims. The Plaintiff's interests are

consistent with those of the members of the class.

32.     A class action is superior for the fair and efficient adjudication of the class members'

claims. Congress specifically envisions class actions as a principal means of enforcing

-13-

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

35.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

-14-

circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

37.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if
       set forth fully in this Cause of Action.

38.    The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating forty three (43)
       telephone calls to the Plaintiff's cellular telephone number using an artificial and/or pre-
       recorded voice to deliver messages without having the consent of the Plaintiff to leave
       such messages.

39.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically
       the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded
       messages that have been unleashed against Plaintiff by Defendant.

40.    There is no exception or justification for the numerous violations of the TCPA by
       Defendant as Plaintiff has not consented to the use of the wireless telephone number at
       issue where the Plaintiff was charged for each call.

41.    Each call is a separate violation and entitles Plaintiff to statutory damages against
       Defendant in the amount of $500.00 per call.

42.    Plaintiff asserts that since the violations were made intentionally or recklessly that the
       violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

43.     All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### Violations of the Telephone Communications Privacy Act

44.     The actions of the Defendant violate the TCPA.

45.     Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

THEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 18, 2012

-16-

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508).

-17-